# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRANDON L. HOLT,** | ) | |
| **#87276,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:23-cv-00867** |
| | ) | |
| **v.** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Holmes** |
| **SHERIFF'S DEPARTMENT OF** | ) | |
| **DICKSON COUNTY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Brandon L. Holt, an inmate of the Dickson County Jail in Charlotte, Tennessee, filed a pro se complaint against the Sheriff's Department of Dickson County and Southern Health Partners pursuant to 42 U.S.C. § 1983, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

By Order entered on September 25, 2023, the court notified Plaintiff that he must take additional action for this case to proceed. (Doc. No. 3). Specifically, Plaintiff had not resolved the matter of the filing fee. (*Id*. at 1). Therefore, the court instructed Plaintiff to submit an Application for Leave to Proceed In Forma Pauperis or the full civil filing fee of $402 within 30 days; otherwise, the Court warned that this action could be dismissed. (*Id.* at 2). Further, the court informed Plaintiff that he could seek an extension of time to comply with the court's instructions if he did so in writing prior to the expiration of the deadline. (*Id*.) The court also warned Plaintiff that he must keep the Clerk's Office informed of his current address or this case could be dismissed for failure to prosecute. (*Id*.)

1

More than 30 days have passed since the entry of the court's prior order. To date, Plaintiff has not paid the civil filing fee, submitted the proper application, or asked for an extension of the deadline. Moreover, the court's mail to Plaintiff has been returned as "undeliverable" on two occasions. (*See* Doc. Nos. 4 and 5). It appears that Plaintiff has not kept the court apprised of his current mailing address.

An action is subject to dismissal for want of prosecution where the pro se litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to sua sponte dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

Accordingly, this action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

2